In the next case we have is Handley v. Moore, case number 24-499. Good morning, Your Honors. May it please the Court, Cliff Gardner for Appellant, Kyle Handley. I'll be reserving three minutes for rebuttal, if I can, and I'll do my best to keep my eye on the clock. I'm sure the Court is aware from reviewing the briefs there are many issues my colleague from the Attorney General's Office and I disagree about, but to put those issues in context I thought I'd start with three points on which we agree. First we agree that according to the State Court of Appeal, Section 209, at least with respect to punishment, Section 209 sets forth two very different offenses. One is simple kidnapping for ransom, and one is aggravated kidnapping for ransom, and they're different, most importantly, in the context of punishment. The second point we agree on is that the charge in this case referenced Section 209, but then took the language in conveying the charge to the jury in the information, it took the language of the simple form of the offense, not the aggravated form of the offense. And the third point we agree on is that, in fact, the defendant was convicted of the aggravated version of the offense, not the simple version of the offense. And those three points— Let me just clarify one thing really quickly before you continue, Mr. Gardner. I thought Section 209a puts forward aggravated kidnapping because it's kidnapping for a certain purpose, and that form of aggravation can be enhanced as a punishment if bodily injury is one of the things that is proven. And so I didn't understand it to be simple kidnapping, but aggravated kidnapping as far as what the State Court decision was. That's more a question of terminology, and I use the terminology simple kidnapping for ransom and aggravated kidnapping for ransom. I think Your Honor is correct. It's all aggravated kidnapping, but there's— But different consequences based on— There is what I call a simple form of the offense and a more aggravated form of the  But I appreciate the semantic error in my characterization, certainly. I use it simply because the State Court of Appeals said that as far as punishment, it's correct to say there's simple kidnapping for ransom and aggravated kidnapping for ransom. Okay. But it is all under the aggravated kidnapping umbrella. That brings us to the points of disagreement. There's I think three major points. I want to make a response on each one if I can. Excuse me. Counsel for—my colleague from the Attorney General's Office suggested habeas relief is barred under 2254d because there's no clearly established federal law, quote, requiring that punishment-enhancing facts be explicitly alleged in the charging document. That's the clearly established federal law point. Second, putting that aside, my colleague suggests that citation of the statute 209 is enough. And third, we have a difference of agreement as to prejudice, what standard applies and how it applies. Let me make an additional comment on each. With respect to clearly established federal law, I think in light of this Court's decision in Frey v. Brumfield and the United States Supreme Court's decisions in Williams v. Taylor and more recently Andrew v. White, there are two ways of established and clearly established federal law. One, we can look to see if there's what Andrew v. White called a holding for purposes of AEDPA. We look for a Supreme Court decision that is a holding with respect to—for the purpose of AEDPA. Second, we can look as Frey v. Brumfield did. And when there's no holding, we can look to see if a principle is deeply embedded in the law. I think in this case we have both. In Justice Thomas' concurring opinion in Apprendi and his opinion in Allain, he traces the common law provenance of the notice rule that we're talking about, and it's several hundred years old. I think that common law provenance suggests why—shows why this principle of notice that we're talking about is deeply embedded in the law. And I think the application of that principle in the case—1888 case of Britain v. United States and more recently in Blakely and in Apprendi and in Allain and in Jones shows that indeed it is deeply embedded and those constitute holdings for purposes of AEDPA as well. And what is that principle that's deeply embedded in your view? The principle is that when a fact exposes you to additional punishment not available in the absence of that fact, it has to be pledged in the charging document. And that's because it's an element of the crime and all those long traditions of Justice Thomas cited in Allain and were also discussed in Apprendi and more in less fulsome form is that you have to be apprised at the information stage so a defendant has a fair opportunity to know what the consequences of the charge are and how to deal with it. Plead guilty, strategies of trial, and everything else. Would you agree with that? That's exactly right. It's an element of the crime. If a fact exposes you to additional punishment, it is an element of the crime and you have to plead that so the defendant has notice really of what the crime is and what potential punishment he or she faces. So in your view, if that is either an AEDPA holding or a deeply embedded principle, does that mean that California's informal amendment process is unconstitutional as a result? Not necessarily. The question is if you provide notice in an adequate way. But a moment ago you said it has to be in the charging document and so if we would agree with you then that would seem to suggest that informal amendment, such as what was here orally done, can't happen, right? And wouldn't you agree that there's no clearly established law that says that California's informal amendment process is unconstitutional? Well first of all, I don't think the court has to go that far in this case. I mean, I think we do because if informal amendment is permissible, that may be dispositive in this case. Well, let me respectfully disagree because let's accept for a moment for the premise that an informal amendment is permissible. I take it we would agree that the informal amendment has to serve the same function. It has to advise the client, potentially the defendant, my client, the defendant, has to be advised of what the potential punishment is and what the facts are. Let's look at what is alleged to be the informal amendment in this case and we can talk perhaps in a minute about whether Gout v. Lewis permits an instructional conference near the end of trial to serve as the constitutionally required notice. There's a good argument that it can't because the purpose of notice is to allow you to prepare for trial, not find out at the end of trial what the allegation is. Well, I wouldn't rely on Gout, I'd rely on Supreme Court cases that say that. We have to look at Supreme Court precedent. I think the principles, that same principle is in Alene and Apprendi. Then let's rely on those. But put that aside for the moment. Let's say that putting aside those cases, that an end of the trial conference was sufficient to provide. I take it we would agree that that has to provide necessary elements of notice and in this case not only did it not provide a notice, the state appellate court held it didn't. What happened was when at the end of the trial they talked about instructions and the court said, okay, here's what we're going to do and the court then confused the bodily injury allegation which is relevant to 209, the bodily harm allegation, with the bodily injury allegation that was in count four, completely muddled it and then told the defendant that basically don't worry, these factual allegations won't enhance your sentence. How could that possibly be noticed to the defendant that he was now facing a life without parole term? On that issue, that's an unreasonable application of fact, isn't it? That's exactly right. And I would add, I'm sympathetic to what you're saying, I would also point out that the Court of Appeal expressly stated that we are mindful appellant was never expressly informed that he could be sentenced to LWOP if the jury found the special allegations true. So I've been trying to struggle with this as a matter of unreasonable fact. Was the so-called informal amendment not proper here? And I think that's right and there's two different issues here. First, with respect to whether the charging document and the state Court of Appeal's reliance on the 1936 decision in Britain, in People v. Britain, that issue I think comes under the contrary two. It's contrary to this long-established law. With respect to the informal amendment, that's an unreasonable determination of facts within 2254D. It's a different prong of the analysis, but neither of the explanations given by the state court holds merit under 2254D. Can I ask, so there's the footnote in Apprendi that says we're not reaching the issue of charging as opposed to what we all understand Apprendi to be about sentencing and proof beyond a reasonable doubt in order to enhance the sentence beyond the statutory maximum. Why doesn't that take it out of your argument that it's either an AEDPA holding or a deeply embedded issue? Well, I think the answer is L.A.N., Blakely, Jones, United States v. Britain, and then the recent decision by the U.S. Supreme Court in Andrew v. White. A principle can be deeply embedded and it doesn't have to come alone from Apprendi. It doesn't come alone from Apprendi. It comes from the 200 years of common law tradition that's discussed in Justice Thomas's concurring opinion in Apprendi and again in L.A.N. But again, L.A.N. is a sentencing case, right? And so part of what I'm wrestling with is the state court decision did mention that the California Supreme Court took up this issue. I think it was in People v. Contreras and the state Supreme Court held that Apprendi hasn't, that Apprendi is about sentencing and not about charging. And so – but there hasn't been a Supreme Court decision or, as far as I understand, a circuit decision that has said that Contreras is wrongly decided under Supreme Court authority, is there? OK. Well, no, but I'm out of time. But let me answer – Well, keep going, yeah. With two responses. First, this is why I think Frye v. Broomfield is so important. Frye v. Broomfield was the case that dealt with shackling. The state made the same argument there and said this is before Deck v. Missouri, which was the United States Supreme Court case that finally reached a holding on whether shackling was – unjustified shackling was permissible. The state decision in Deck was before – in Frye v. Broomfield was before Deck. And so the state argued there's no – there was no clearly established federal law. So – And Frye – I'm sorry, go ahead. And Frye v. Broomfield, this court held we don't need a holding if it's deeply embedded in the law. So the fact that a prende may not be a holding on the notice issue – and I'll concede that footnote three means it's not a holding as we would traditionally describe a holding – I don't think is that significant in light of Frye v. Broomfield. The question isn't so much necessarily whether it's a holding. The question is whether it's deeply embedded in the law. And it is. Well, I think you're conceding too much because Andrew says for AEDPA purposes, if it's indispensable to our express holding, it is a holding for AEDPA application. And it's plain as day – and I'm going to say a lien, this is how I pronounce it. You know, Justice Thomas went out of his way to say there is, quote, a well-established practice of including in the indictment and submitting to the jury every fact that was a basis for imposing or increasing punishment, which is what bodily harm is here in my view under Penal Code Section 209. So that, to me, is clearly an indispensable part. Notice is an indispensable part of a lien and apprendi. I think that's right. Your Honor said I conceded too much. I did say there were two points, and the second point was to say – to talk about exactly what you said. Under the – what we now understand a holding for purposes of AEDPA in Andrew v. White, it's a little different than we might traditionally look at in terms of what's a holding. My understanding – and it's obviously – we can perhaps disagree – is that traditionally a holding is looked at as circumscribed – a holding of a court is circumscribed by the facts before the court. But Andrew v. White was a case in which they looked at Payne v. Tennessee. I have to take a minute to unpack it, Your Honors. Payne v. Tennessee was a court – a case where the court granted cert to decide if Booth v. Maryland should be overruled. Booth v. Maryland held that there was a per se Eighth Amendment bar on victim impact evidence. Payne v. Tennessee overruled that and said there is no longer an Eighth Amendment bar on victim impact evidence. In doing that, they simply mentioned that due process can be violated by the introduction of testimony that renders the trial unfair. It wasn't a holding in any traditional sense of the word. And what Andrew v. White said, it said it's good enough for purposes of AEDPA when this court relies on a legal rule or principle to decide a case, that principle is a holding of the court for purposes of AEDPA. So would you agree that there's some tension then between California's allowance for informal amendment, even up to the stage of jury instructions, right, because that was what people v. Anderson contemplated, versus this deeply embedded principle is there giving some defendant adequate notice with sufficient time before the trial to know to apprise him or her of the charges that they're facing. If we're going down the road, I think Judge Donato mentioned, you know, unreasonable determination of the facts, if we're going down the road of deciding whether the state court unreasonably determined facts, wouldn't that be an analysis as to whether that court, you know, correctly applied Anderson, a state court decision? And if so, isn't that a request for federal habeas relief to determine whether state law is being adequately applied?  It's a lot there. It's a long question, and I'm not saved by the bell, apparently. I mentioned this before, and Your Honor expressed reluctance to it. There may be a tension between a principle that says you can informally amend at the end of the case, and what I view as the long embedded, deeply embedded principle of the Sixth Amendment notice that says it has to be in the charging document to give you notice. There may be a tension, but that tension is not present in this case because of the unreasonable determination of the facts. There can't be any disagreement that if you say, okay, it's okay to do this at the end of the case, the defendant still has to be told that you're facing life without parole. You want us to basically do a, to assume, you want us to assume then that California's informal amendment process fits comfortably somehow with Apprendi and Elaine. I mean, it seems to me that we have to. I don't understand how it can be the case that Apprendi requires that notice be provided in the charging document, but that you can still have an informal amendment later on. I just, I don't see a tension. I don't see those fitting together at all. I'm clearly not making myself clear, and I'm sorry, Your Honor. I don't see, there may be a tension, but it's not present in this case because even if you accept the premise that they're consistent, this particular jury instruction conference couldn't possibly have given notice because he was never told, as Judge Donato pointed out, the state court made a finding. He was never told he was facing a life without parole sentence. So regardless of when notice has to be provided, and maybe there's a reasonable disagreement before trial, during trial, at the end of trial, regardless of when notice has to be provided, it was never provided here. I guess, and your argument is maybe more specifically that the defendant needs to be expressly told because what the state court of appeal holds is that he was put on notice even if he wasn't expressly, even if, you know, those exact words weren't stated to him. Well, I, I'm sorry, Your Honor, did you? Yeah, please, keep going. Expressly told. Has to be told in some way. There's nothing in this record that suggests he was aware that he was facing life without parole and the state's, the state appellate court found he was never told he was facing life without parole. Well, I mean, I think the state would say Section 209A of the Penal Code says this is an aggravated kidnapping with two levels of punishment. One ran, you know, what you were calling simple, is life with the possibility of parole. But if there's bodily injury or I think for the other, you know, isolation with, I forgot exactly what the wording is, why, why isn't that the, the notice of, in the charging document of, of the crime with which he's being charged plus the informal amendment, why wasn't that sufficient to apprise him of the consequences of the bodily injury issue later on? Perfectly good argument. And if the state had simply charged him with violating Section 209, I probably wouldn't be here. But that's not what the state did. The state charged him with 209, but then selected, specifically selected the language from Section 209 that conveys the simple form of the offense. In that sense, this case is very much like the U.S. Supreme Court's decision in Langford, where they rejected the argument that citation of the statute, even though the statute contains the requisite punishment, citation of the statute is enough. And it wasn't enough here. Had they just cited the statute, I think that's a, that's a very good argument and I wouldn't be here. But they didn't just cite the statute. They went beyond that and used the language that conveys the simple form of the offense. Okay. Well, we've let you go on over quite a bit. And let's hear from your colleague on the other side.  Good morning, Your Honors. May it please the Court, California Deputy Attorney General Warren Williams for responding. The State Court of Appeal did not erroneously interpret either California state law or U.S. Supreme Court law. People versus Britain remains good law in California. And I want to reiterate that that case determined that 209A, the aggravated kidnapping statute, is but one crime with two types of punishments. The United States Supreme Court has never held that a statute, an individual statute that has two types of punishments must be formally charged in the written charging document. That's just, I don't agree with that. Alene looks at 18 United States Code section 924C. It has one crime, a felon committing, a felon in possession of a firearm committing a crime of violence. It then has three, three levels of punishment, five years, seven years, ten years. In my view, it is indistinguishable from the statutory scheme in section 209A. Justice Thomas went out of his way to say each one of those penalties is a separate element which must be stated in the information at the beginning of the case. That was an indispensable holding in Alene. So I'm having trouble understanding your broad statement about what you just said. Your Honor, I appreciate that point. And actually, Alene, it's a very interesting case because in that case, the firearm enhancement was generically charged. The prosecutor, the federal prosecutor, did not elect which of the three types of punishments was going to be... Well, that is different here because the prosecutor did specifically allege simple kidnapping. I'm looking at the October 2012 complaint all the way through the complaints that were filed, all pretrial complaints. In each one of those cases, as your colleague pointed out, this defendant was told only that he was being held to account for seizing a victim for ransom, reward, or extortion, not a peep about bodily injury which effectively doubled his sentence. Didn't know that at all until the close of evidence and a frantic jury conference before the case got submitted to the jury. So I just... There's no notice in this case. It just seems plain as day to me. Certainly no constitutionally adequate notice. Your Honor, the information charged, Section 209A, which is just but one crime, that specific, the elements of that offense were enumerated specifically within the information, the charging document. People v. Britain, state law, has determined as a matter of state law that that is but one crime. The punishment, the two tracks of punishment for that one crime of aggravated kidnapping for robbery was incorporated by reference within the statute itself. Any trial counsel worth his or her salt would have looked up the statute... I mean, you're talking as if Apprendi and Alleen didn't exist. Apprendi and Alleen, however... Changed the world. I don't think your argument holds water in the wake of those two cases. As a matter of... Both of which predate the Court of Appeal decision, by the way. As a matter of... Or on the books, yeah. Sorry, go ahead. My fault.  As a matter of clearly articulated Supreme Court authority, those cases, respectfully, were about jury determinations rather than charging. Now, I understand my friend on the other side discusses deeply embedded principles of notice. And Cole v. Arkansas was a case regarding notice from the 1940s where a specific crime, and in that particular case, that's where the Arkansas Supreme Court essentially looked at the evidence presented at trial and determined that there was a completely separate offense that the defendant was convicted of where a different offense had been charged under a completely separate statute. So 209A, everything within this universe is within that one single statute. This is not a Gopp case where you have two different types of firearm enhancements or Cole v. Arkansas where there's two different statutes with two separate crimes. I mean, this is but one crime. As People v. Britain, California Supreme Court held back in the 30s. Regardless of that, however, as Your Honors have discussed with my friend on the other side, there is the informal charging process within the state of California. Clearly, it differs from the federal criminal practice of indictments where the evidence is presented to a grand jury outside of the defendant and his counsel. In California, there is no, quote, talismanic significance to the written charging document itself. It's more of an organic process. You have a preliminary hearing. The defendant is there hearing the evidence initially presented to the magistrate. And then once there's sufficient evidence, then the information is filed. Well, let's assume that that's constitutionally okay. I have some doubts about that. Let's just assume it for now. Wasn't the Court of Appeal just dead wrong in saying that notice was, in fact, given? Because I read that section where the court itself said, well, we know he never was told expressly. And I have to say, I read the transcript. Look, I'm not criticizing the trial judge. It was busy. I've done these conferences. I know how they go. But the trial judge didn't do any favors for clarity by saying to the defendant, you know, he expressly said, well, don't worry about, you know, this is just technical. Oh, wait a minute. Let's see. Oh, it's not technically. He actually said it's not technically a sentencing enhancement, which is just dead wrong. Of course he's going to double his time with this and get life without parole as, you know, a sentence. I mean, it is expressly a sentencing enhancement. So there's confusion and lack of express knowledge. I mean, how can the court of appeal then reasonably say, well, we're just going to conclude as a matter of fact he got adequate notice, even under the informal? Respectfully, Your Honor, it's the entire body of the process of that trial. I mean, you had the initial pretrial motions where the prosecutor discussed the fact that he was going to be subject to life without the possibility of parole. There was the fact that he was already on notice of all the evidence of the heinous acts that were committed against the victims in this case at the preliminary hearing, the trial evidence. And then before the instructions were given to the jury, there was the informal amendment process. And granted, the judge did not specifically articulate the punishment, but the defendant was already on notice. Can I ask about the pretrial motion? What was the basis for the penalty being LWOP at that point if there had not been an amendment, an informal amendment yet? What was the basis for the prosecutor's motion at that point? Well, that was prior to the information, but it was incorporating by reference the punishments within 209A. Okay. But it still doesn't tell the defendant that bodily injury would attach to the kidnapping charge and that would expose him to life without the possibility of parole. I guess for me the question is, does the state court decision – it was distinguishing Anderson on the basis, at least in part, that there had been a formal motion made, an oral motion to amend as opposed to just jury instructions appearing out of the blue. And I guess the question that I have, and Judge Donato is raising this question and Judge Thomas, but is that enough if no one is telling the defendant the consequences of kidnapping plus bodily injury means you're exposed to life without the possibility of parole, even if there's an oral motion made? Again, I believe the defendant was placed on notice. And look at how the informal amendment process typically works in California. Based on the evidence presented at trial, the prosecutor typically makes an oral amendment request based on the evidence solicited to conform to the evidence at trial. The judge does not have to grant that. Defense counsel is always entitled to object based on lack of notice. What happened here? There was no objection because the defendant was placed on notice prior to trial. By incorporating by reference the penalties, all the evidence presented – But there was no objection in Anderson either, and yet the Supreme Court, the California Supreme Court found no adequate notice there. So I mean that's not dispositive, right?  So – Slightly different statute though. I mean this is two tracks of punishment all within the same statute. But regardless, notice is about fairness, right? The Sixth Amendment, notice to the defendant is about fairness. This was fair based on the totality of what occurred below. There is no way in which this defendant did not know that he was going to be subject to life without the possibility of parole based on the evidence of all the egregious acts that were committed against the victims in this case. But regardless of all that, even if this court was – He was repeatedly told by the prosecutor that he wouldn't be because he was never charged with that until the very day of closing argument. I looked at all the complaints. I looked at all the information that were filed. There was not a single one between October 2012 and the pretrial conference in 2018 that where the prosecutor ever said to this defendant, we're going to charge – we're going to hold you responsible for inflicting bodily harm and get you the higher enhancement under section 209. Never said it. Aside from the pretrial motion that explicitly said that? But the amended complaint filed after that didn't say bodily harm. Right, the information. It was never put into a charging document ever. Now I understand that there are references, but it seems a little strange to me to say a defendant has to piece together these breadcrumbs in order to get notice. I mean that's just not – does that seem right to you? I believe based on the totality of the circumstances, the counsel surely looked at the statute and clearly conveyed to his client this is what we're facing. Even though the prosecutor never said this is what you're facing? In a written document? Yes. I think it would be unlikely to say the least that defense counsel and defendant were not aware of what he was facing. I could not disagree with that more. You do what the prosecutor says. But regardless of that, I just want to quickly point out even if this court were inclined to assume that the State Court of Appeal made an objectively unreasonable determination and the error was obvious and indisputable, it was harmless and abrupt. There was no way in which this defendant was going to change the defense based on the election of a life without the possibility of parole. It's not just defense. It's maybe entering a plea. Bargaining for life with parole at the plea stage. I mean there are so many variables that could have been different. I find it hard to say that it's not prejudicial. Respectfully, Your Honor, my friend on the other side never presented any kind of declaration from the prosecutor that the prosecutor would have been willing under any circumstances to accept anything less than life without the possibility of parole. It's a rare day when a prosecutor is going to submit evidence on behalf of a habeas petitioner. I don't understand what you're asking him to do. Why would a prosecutor say, yes, I'll support the defendant's petition with that kind of declaration? Respectfully, speculation that the prosecutor would have been willing to accept anything less than life without the possibility of parole is not sufficient to show prejudice in this particular case. And I believe I am well over my time. Unless there's any further questions, I'm prepared to stop. No other questions. Thank you, Your Honor. We'll give you a couple minutes. I haven't focused on the court long enough, so I'll be brief. Okay. I have three points I want to make and, of course, if there's any questions. Counsel began his presentation by talking about the fact that this was actually one crime and not two. It didn't articulate two crimes, and there was an exchange about Alleyne. And I think we could talk about the case law, but I think it's better to talk about the fact that, again and again, Apprendi and Alleyne and Blakely, the court says the Sixth Amendment requirements look at substance, not form. And in substance, we know what this statute's about because the state court of appeal has told us what it's about. They said as far as punishment, it creates two distinct offenses, and that's the way I believe the case should be looked at. Judge Sanchez, you mentioned the pretrial motion. And I just want to take a moment because we didn't have a chance to discuss that. Yes, five months before the information was filed, the prosecutor filed a motion to consolidate cases and mentioned the possibility of life without parole. And here's what the state court of appeal said about that. The motion to consolidate does mention appellant could get life without parole if convicted of aggravated kidnapping, but it appears to premise that possibility on the assumption appellant was expressly charged with inflicting bodily injury during that offense. This is at page 43 of the excerpt of the record. Five months later, when the information was filed, there was no bodily injury allegation made. Defendant was entitled. I draw the complete opposite inference, as is often the case with my colleagues at the Attorney General's Office. I draw the opposite inference. The district attorney made clear life without parole depended on an allegation of bodily injury. Five months later, that district attorney filed an information that did not charge bodily injury. The inference is clear. They're not going for aggravated kidnapping. Finally, as to prejudice, I want to reiterate the point that I think came from the bench. Yes, part of the notice requirement is to make sure the defendant can prepare for the actual trial, but it's just as important to make the decision to understand what consequences you're facing, what the elements of the charge are, to decide if you want to go to trial at all or if you want to seek a plea deal. That's the purpose of notice. It's a twin purpose, and my colleague's argument about prejudice ignores the second component of those purposes. So unless the court has any other questions, I'm happy to submit them. No, thank you. So much for the extra time. Thank you, counsel, for your arguments. Very helpful. The matter will stand submitted.
judges: SANCHEZ, THOMAS, Donato